## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

TONY DIXON,

        Movant,

vs.                            Case Nos.:    3:11-cv-720-J-32JBT
                                                    3:04-cr-202-J-32JBT-1

UNITED STATES OF AMERICA,

        Respondent.

_____/

## <u>ORDER</u>

This case is before the Court on Movant Tony Dixon's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6), filed in the docket of his criminal case on July 15, 2013. (Crim. Doc. 90).[1] In the motion, Movant claims that the government and the Court improperly enhanced his sentence under the Armed Career Criminal Act (ACCA) by relying on prior convictions that should not qualify as predicate offenses in the wake of <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013). Movant's Rule 60(b) motion followed five months after the Court dismissed his motion to vacate under 28 U.S.C. § 2255. (<u>See</u> Doc. 7, entered February 13, 2013). The Court denied Movant a certificate of appealability and leave to appeal <u>in forma pauperis</u>. (Doc. 7 at 6-7). Movant appealed the Court's order denying § 2255 relief (Doc. 10), and that appeal is pending before the Eleventh Circuit Court of Appeals.

---

[1] Citations to the record in Movant's criminal case file, <u>United States of America v. Tony Dixon</u>, 3:04-cr-202-J-32JBT-1, are denoted as "Crim. Doc. ___." Citations to the record in Movant's civil § 2255 case file, 3:11-cv-720-J-32JBT, are denoted as "Doc. ___."

## I.      Jurisdiction

As a preliminary matter, the Court notes that it has jurisdiction to entertain Movant's Rule 60(b) motion despite the pendency of an appeal.  Ordinarily, the filing of a notice of appeal terminates a district court's jurisdiction over any matters that are the subject of the appeal.  <u>Mahone v. Ray</u>, 326 F.3d 1176, 1178 (11th Cir. 2008).  Nevertheless, the Eleventh Circuit has held that "district courts retain jurisdiction after the filing of an appeal to entertain and deny a Rule 60(b) motion." <u>Id.</u> at 1180.  However, a district court may not <u>grant</u> a Rule 60(b) motion while the case is pending on appeal.  <u>Id.</u>  If a district court finds that the arguments raised in a Rule 60(b) motion are meritorious, the court should indicate its belief that the arguments have merit, whereupon the movant may request that the court of appeals remand in order to restore jurisdiction in the district court.  <u>Id.</u>  These principles apply just the same in the post-conviction context.  <u>See</u> <u>Munoz v. United States</u>, 451 F. App'x 818 (11th Cir. 2011).  Because the Court ultimately finds that Movant cannot obtain relief under Fed. R. Civ. P. 60(b), the Court has jurisdiction to entertain and deny the motion.

## II.      Discussion

### A. A prisoner cannot use Fed. R. Civ. P. 60(b) to vacate a criminal sentence

Movant filed his Rule 60(b) motion in his criminal case rather than his civil § 2255 case, and uses it to raise a substantive argument attacking his sentence in an effort to have the Court vacate it.  In the post-conviction context, a prisoner may use Rule 60(b) to move a district court to relieve him from a previous order denying post-

2

conviction relief by pointing to some defect in the <u>civil</u> § 2255 proceedings, such as fraud on the court or any of the other grounds enumerated in Fed. R. Civ. P. 60(b). However, "Rule 60(b) simply does not provide for relief from judgment in a criminal case…" <u>United States v. Mosavi</u>, 138 F.3d 1365, 1366 (11th Cir. 1998).  In <u>Mosavi</u>, the Eleventh Circuit held that a defendant could not use Rule 60(b) to challenge a criminal forfeiture order.  <u>Id.</u>  As the court of appeals noted, "Rule 1 of the Federal Rules of Civil Procedure unambiguously provides that '[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature…'" <u>Id.</u> (quoting Fed. R. Civ. P. 1).  Accordingly, the court held that a defendant could not use a motion under Fed. R. Civ. P. 60(b) to attack a <u>criminal</u> judgment.  <u>Mosavi</u>, 138 F.3d at 1366.

If a prisoner may not use the Federal Rules of Civil Procedure to attack the forfeiture component of his criminal sentence, it is obvious that a prisoner may not use a provision of the Federal Rules of Civil Procedure to attack the most quintessential element of his criminal sentence: a term of years in prison.  Yet that is what Movant attempts to do.  Movant uses the Rule 60(b) motion to argue that the Court wrongly enhanced his sentence by inappropriately using the modified categorical approach[2] to determine that certain prior convictions of his were ACCA

---

[2]     In determining whether a prior conviction is for burglary, arson, or extortion, which the ACCA identifies as "violent felonies" for purposes of its enhanced sentencing provision, courts use a simple categorical approach if the statute of conviction contains a single, indivisible set of elements. <u>Descamps</u>, 133 S. Ct. at 2281-82.  To determine whether a prior conviction is for "burglary, arson, or extortion" under the simple categorical approach, the court only examines the elements of the crime for which a defendant has been convicted rather than consulting the facts of the particular conviction, and compares that offense with the elements of generic burglary, arson, or extortion.  <u>Id.</u> at 2281. When, and only when, a crime involves alternative elements, and the defendant's record of conviction does not specify which of the alternatives he was convicted of, may a court use the "modified categorical

predicate offenses.  (Crim. Doc. 90 at 1-2, 5-6, 17-19).  Thus, Movant seeks vacatur of his criminal sentence through Fed. R. Civ. P. 60(b), a rule of <u>civil</u> procedure.  Because a litigant cannot use Rule 60(b) to obtain relief from a <u>criminal</u> sentence or conviction, Movant's Rule 60(b) motion is due to be denied.

## B. The Court could construe Movant's Rule 60(b) motion as a § 2255 motion to vacate, but it still would not be cognizable.

A court should construe the filings of pro se litigants more liberally than it construes the filings of lawyers.  <u>Aron v. United States</u>, 291 F.3d 708, 715 (11th Cir. 2002).  This extends to Rule 60(b) motions, which courts may construe as motions to vacate under 28 U.S.C. § 2255 where the motion states a substantive ground for relief from a conviction or sentence.[3]  <u>United States v. Winston</u>, 346 F. App'x 520, 522 (11th Cir. 2009) (quoting <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532 (2005)) ("We construe a Rule 60(b) motion as a post-conviction motion to vacate a sentence under § 2255 where it 'seeks to add a new ground for relief,' or 'attacks the federal court's previous resolution of a claim on the merits.'").

Because Movant's Rule 60(b) motion attacks his sentence on substantive grounds, i.e., that the Court improperly applied the modified categorical approach in

---

approach."  <u>Id.</u> at 2281-82.  Under the "modified categorical approach," a court examines certain approved documents ("<u>Shepard</u> documents") from the defendant's prior conviction in order to determine which of the alternatives the defendant was specifically convicted of, and whether <u>that</u> offense matches the generic elements of burglary, arson, or extortion.  <u>Id.</u> at 2281.

[3]    If Movant had not previously filed a § 2255 motion to vacate, the Court would be required to issue a <u>Castro</u> notice before recharacterizing Movant's Rule 60(b) motion as a § 2255 motion.  <u>See</u> <u>Castro v. United States</u>, 540 U.S. 375, 383 (2003). The reason for the <u>Castro</u> notice is to give the unwary pro se litigant the opportunity to amend, supplement, or withdraw his motion before a court re-construes it as one under § 2255, thereby triggering the restrictions on second or successive petitions imposed by 28 U.S.C. § 2255(h).  <u>Gooden v. United States</u>, 627 F.3d 846, 847 (11th Cir. 2010).  However, these concerns do not apply where, as here, the Rule 60(b) movant has already filed and received judicial review of an initial § 2255 motion.  Accordingly, the Court would not need to issue a <u>Castro</u> notice before recharacterizing the current Rule 60(b) motion as a § 2255 motion to vacate.

determining that certain prior convictions were "violent felonies" for purposes of the ACCA's enhanced sentencing provisions, it is appropriate that the Court recharacterize his motion as one requesting the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  As such, however, the motion still would not be cognizable for at least two reasons.  For one, the motion would be second or successive because Movant has already filed a motion to vacate under § 2255, and the Court has already ruled on it.  (See Docs. 1 and 7).  A district court lacks jurisdiction to entertain a second or successive motion to vacate unless a petitioner first obtains authorization from the court of appeals to proceed.  28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).  Because the Eleventh Circuit has not authorized Movant to file a second or successive motion to vacate, the Court would lack jurisdiction to entertain the motion were it re-characterized as one under § 2255.  Second, the motion would not be cognizable if re-characterized as one under § 2255 because Movant's appeal from the Court's dismissal of the previous § 2255 motion is still pending before the Eleventh Circuit.  Unlike a Rule 60(b) motion, a district court is not free to entertain a § 2255 motion while an appeal is pending on the same subject matter.  See Shewchun v. United States, 797 F.2d 941, 942 (11th Cir. 1986).  Petitioner's motion raises the same request for relief contained in the previous § 2255 motion that is currently on appeal – that the Court should reduce his sentence because it was improperly enhanced under the ACCA.  (See Doc. 1 at 15-18).  Therefore, the Court would lack jurisdiction to consider the claim as long as Movant's appeal is before the Eleventh Circuit.

Finally, were the Court to construe Movant's Rule 60(b) motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, it would still lack jurisdiction.  A petition for a writ of habeas corpus pursuant to § 2241 "may be brought only in the district court for the district in which the inmate is incarcerated."  Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir.1991).  Movant is incarcerated at Jesup Federal Correctional Institute, which is located in the Southern District of Georgia. Because the motion was filed in the Middle District of Florida, this Court would not have jurisdiction to entertain a § 2241 petition.

Accordingly, it hereby

**ORDERED:**

1. Movant's Rule 60(b) motion (Crim. Doc. 90) is **DENIED**.

2. The Clerk is directed to enter this order on the civil docket as well, 3:11-cv-720-J-32JBT, reflecting that Movant has filed a Rule 60(b) motion and the Court has denied it.

**DONE AND ORDERED** in Jacksonville, Florida this 9th day of October, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
counsel of record
pro se party

6